SMITH, APPELLANT, *v.* SMITH ET AL.,
APPELLEES.

(No. 44643—Decided December 2, 1982.)

*Mr. Donald C. Price,* for appellant.

*Mr. Paul M. Pohl, Mr. Albert E. Fowerbaugh, Ms. Karen N. Moellenberg* and *Mr. Michael E. Brittain,* for appellees.

JACKSON, J. Plaintiff-appellant Monica Smith filed suit against her former husband, Max Smith, and several corporate defendants on June 18, 1979. In her complaint she alleged that she and Max Smith owned several securities jointly, and that these securities were sold without her permission or her signature. Extensive discovery was conducted involving all the parties. The plaintiff filed nine sets of interrogatories during 1979 and 1980, filed a request for production of documents, and filed a notice of deposition with subpoena duces tecum. Only one defendant, Parker-Hunter, Inc., served the plaintiff with pleadings requesting discovery during the first eighteen months of this cause; Parker-Hunter served plaintiff with interrogatories and a request for production of documents on June 13, 1980, and plaintiff replied on July 16, 1980.

Trial was scheduled for December 29, 1980. Plaintiff's attorney, Charles Wochna, passed away in November of that year, and on December 4, 1980, counsel for Parker-Hunter, on behalf of all the parties, moved for a continuance of the trial date. The attorney for Parker-Hunter noted that plaintiff's new counsel would need time to "sufficiently acquaint himself with all of the facts, documents and law involved in this action to be adequately prepared for trial." It was also represented that counsel for defendant Basic, Inc. "has only recently been apprised of the fact that it is now necessary for that defendant to respond to the amended complaint," and that *all* of the defendants would thereafter have to obtain further discovery, based upon the defense propounded by Basic, Inc. It was also noted that counsel for Murch & Co. would be out of state on December 29, 1980 and that no one else in his office could familiarize himself with the facts and issues so as to be able to try the case in his stead. In closing, counsel for Parker-Hunter stated:

"It is in the best interests of justice for this Court to defer the time at which this case is to be called for trial. The parties have heretofore labored diligently at the preparation of their claims and defenses. This Court should not foreclose their right to obtain discovery and prepare adequately for trial. The events discussed above, as well as the press of other business before this and other courts and federal agencies, have caused all counsel currently involved in this action to request and agree that this case should not be brought to trial before May 1, 1981. This is the first continuance of the trial date sought by the parties; it will

not unduly delay the resolution of the issues raised by the plaintiff."

Trial was rescheduled for June 4, 1981, and again rescheduled for October 1981. On January 29, 1981, plaintiff's substitute counsel, Don Iler, withdrew from the case. This coincided with a flurry of discovery motions filed by the defendants. On December 23, 1980, defendant Basic, Inc. served a set of interrogatories on the plaintiff. On February 18, 1981, defendant Murch & Co. served a set of interrogatories and a request for production of documents on the plaintiff. None of these three discovery requests was complied with; the plaintiff did write to the defendants and to the court that she had been unable to obtain another attorney, but that she was still trying to hire one. On October 5, 1981, the defendants filed a joint motion to dismiss the complaint for failure to answer discovery (Civ. R. 37) and for failure to prosecute (Civ. R. 41). The plaintiff's third attorney filed a brief in opposition to the motion, giving the following explanation for his failure to answer the requests of defendants Basic, Inc., and Murch & Co., for discovery:

"Plaintiff's original counsel, Charles Wochna, passed away unexpectedly while this action was pending. Plaintiff was lead [sic] to believe that her claim would be pursued by associates of Mr. Wochna, but such was not the case. Plaintiff attempted to find other counsel to represent her. During such time, the communications and Interrogatories and Requests for Production of Documents were served, but unfamiliar with legal procedure, and 'inundated' by the various discovery requests, Plaintiff was at a loss to handle or respond to them herself. Due to the nature and complexity of the case, Plaintiff was at first unable to obtain substitute counsel, though she made effect [sic] to do so. She was advised by the undersigned counsel who also informed the Court that due to the complexity of the case and other professional committments [sic], sufficient time would be needed by him within which to familiarize himself with the case, to research legal issues raised in [sic], and to comply with the Discovery that had previously been filed.

"During the past summer, Plaintiff's new counsel was unable to fully address himself to the discovery matters by reason of his prior professional committments [sic], and by further reason that it was difficult to obtain necessary information from Plaintiff, as Plaintiff's mother, with whom she resides, became seriously ill and was hospitalized on two occasions during such period, and Plaintiff was both physically occupied with caring for her and emotionally distraught over such illnesses.

"It is submitted that Plaintiff's delay in responding to the aforesaid Discovery was not intentional nor designed to convey her lack of interest in prosecuting her claim.

"It is further submitted that the foregoing circumstances involving first, the death of her counsel, and second, the serious illness of her mother, were unusual circumstances which affected her opportunity and capacity to respond promptly to the various discovery demands, and does not, as Defendants' joint motion suggests, constitute an intentional failure to comply."

The trial court entered the following order granting the defendants' motion to dismiss:

"Joint Motion of Defendants for Dismissal granted without sanctions at Plaintiff's cost.

"_____

"/s/ R. Lawther, Judge"

The plaintiff appeals from the foregoing decision of the trial court, and assigns the following error:

"The trial court in granting the joint motion of appellees to dismiss the action, committed prejudicial error in that the court abused its discretion by failing to give recognition to the death of appellant's counsel, together with illness in appellant's family which resulted in

unintentional delay in responding to discovery."

As noted by the parties in their request for a continuance on December 4, 1980, the parties had "labored diligently at the preparation of their claims and defenses." Over one hundred pleadings and journal entries were filed in the trial court. The plaintiff's complaint had previously survived a motion to dismiss filed by Basic, Inc. and a motion for summary judgment filed by Murch & Co. The plaintiff had conducted extensive discovery, and had promptly complied with the only discovery requests from the defendants filed during the first eighteen months of this lawsuit, before the death of her first attorney.

The two parties whose discovery requests went unanswered during 1981 had previously been responsible for delaying the trial of this suit. Defendant Murch & Co. requested *five* leaves of court before finally answering the plaintiff's interrogatories, seven months after such interrogatories were filed, and only after plaintiff filed a motion to compel discovery. Defendant Basic, Inc., on November 26, 1980 (one month before the first scheduled trial date), filed a motion for leave to answer the plaintiff's amended complaint, in which Basic, Inc. alleged that it had not received postcard notice of the decision of the trial court overruling its motion to dismiss the amended complaint on August 4, 1980, and that Basic, Inc. had therefore not answered the amended complaint. Defendants Murch & Co. and Basic, Inc. were both permitted to respond to the pleadings filed several months previously by plaintiff, without imposition of sanctions by the trial court.

The defendants' motion to dismiss was predicated upon Civ. R. 41 and 37, the pertinent portions of which provide:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Civ. R. 41[B][1].)

"If a deponent fails to answer a question propounded or submitted under Rule 30 or Rule 31, or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer or an order compelling inspection in accordance with the request." (Civ. R. 37 [A][2].)

"If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." (Civ. R. 37[B][2][a], [b], [c].)

"If a party or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served

with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule." (Civ. R. 37 [D].)

In the case at bar, the defendants did not file a motion to compel discovery (as the plaintiff had, when Murch & Co. had taken several leaves to plead at an earlier stage of the proceeding). Instead, defendants requested the court to *dismiss* the action, pursuant to Civ. R. 37(D), which includes by reference Civ. R. 37(B)(2)(c), and they requested the court to dismiss the action for want of prosecution pursuant to Civ. R. 41(B)(1). The court granted the defendants' motion, without specifying under which rule it was acting.

Dismissals for failure to prosecute or for failure to allow discovery are matters committed to the sound discretion of the trial court. *Ward* v. *Hester* (1973), 36 Ohio St. 2d 38 [65 O.O.2d 181] (Civ. R. 37); *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237] (Civ. R. 41). The United States Supreme Court has held that a plaintiff's failure to answer interrogatories may not be considered a failure to prosecute, but must be treated as a failure to allow discovery. *Societe Internationale Pour Participations Industrielles* v. *Rogers* (1958), 357 U.S. 197 (interpreting analogous Fed. R. Civ. P. 41 and 37); see, also, *Schreiner* v. *Karson, supra,* at 223. Accordingly, the trial court abused its discretion if it dismissed the plaintiff's complaint for want of prosecution, merely because of her failure to respond to discovery requests. Furthermore, we are persuaded that the plaintiff's conduct, viewed in the context of the entire action, was not so "negligent, irresponsible, con-

tumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice." *Schreiner* v. *Karson, supra,* at 223.

Moreover, this court of appeals has recently established a strict standard which must be met before a complaint may be dismissed under Civ. R. 37 for failure to allow discovery. In *Furcello* v. *Klammer* (1980), 67 Ohio App. 2d 156 [21 O.O.3d 454] (Patton, J.), it was held, by a unanimous court, as follows:

"Dismissal is a drastic remedy. Some federal courts, in construing Fed. R. Civ. P. 37, have held that dismissal should be used as a discovery sanction only in extreme cases. See *Griffin* v. *Aluminum Co. of America* (C.A. 5, 1977), 564 F. 2d 1171, 1172. Federal courts have generally required a finding of willfulness, bad faith or fault in order to dismiss a case when a party fails to abide by a discovery order. See *In re Professional Hockey Antitrust Litigation* (C.A. 3, 1976), 531 F. 2d 1188, 1193, reversed on other grounds in *National Hockey League* v. *Metropolitan Hockey Club, Inc.* (1976), 427 U.S. 639, rehearing denied (1976), 429 U.S. 874. We concur with this standard.

"In the instant case, the drastic remedy of dismissal was not warranted. There is nothing in the record to indicate that the plaintiff willfully failed to comply with the discovery order or that he acted in bad faith. Furthermore, the record indicates that plaintiff was not at fault. If fault is to be found, it was in the court's notice that the case had been dismissed when, in fact, it had not.

"A trial court should consider the alternative sanctions available when a party fails to properly abide by the discovery rules. *Griffin, supra,* at pages 1172-73. The trial court, having been informed of the circumstances, could have ordered plaintiff to appear for a deposition at a stated date, or it could have stayed the proceedings until defendant deposed plaintiff. See Civ. R. 37(B)(2)(c).

"The trial court abused its discretion

in dismissing this case pursuant to Civ. R. 37. The judgment of the Court of Common Pleas of Cuyahoga County is, therefore, reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion." 67 Ohio App. 2d at 159.

In the case at bar, unlike *Furcello,* the plaintiff was at fault in failing to answer the interrogatories or produce documents. However, there is no evidence that the plaintiff's failure to allow discovery was *willful* or that she acted in *bad faith.* The defendants never sought an order to compel discovery pursuant to Civ. R. 37(A), so the plaintiff did not violate any court order by failing to comply with her opponents' discovery requests. In view of the substantial number of pleadings filed in this litigation, the previous leaves to plead granted to the defendants, the lateness of the defendants' requests for discovery, and the excuses offered by plaintiff's attorney for his client's failure to comply with the discovery requests at an earlier date, we are firmly persuaded that the trial court abused its discretion in imposing the harsh sanction of dismissal.

It is the considered opinion of this court that a trial court may not properly dismiss a cause on account of the plaintiff's failure to answer interrogatories where the party seeking discovery has not obtained an order from the court compelling discovery, except where circumstances demonstrate evasion and total avoidance of responsibility by a party to respond to discovery requests. A review of the record in the case at bar has persuaded this court that such circumstances do not exist herein, and consequently, the trial court abused its discretion in ordering dismissal of the complaint.

Accordingly, the decision of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

PATTON, P.J., and CORRIGAN, J., concur.