SHOREWAY CIRCLE, INC., Appellant,

v.

GERALD SKOCH CO., L.P.A. et al. Appellees.

[Cite as *Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A.* (1994), 92 Ohio App.3d 823.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64510.

Decided Jan. 27, 1994.

*Richard G. Johnson Co., L.P.A.,* and *Richard G. Johnson,* for appellant.

*Gallagher, Sharp, Fulton & Norman, Burt Fulton* and *Kevin C. Alexandersen,* for appellees.

PORTER, Judge.

Plaintiff-appellant, Shoreway Circle, Inc., appeals from the trial court's dismissal with prejudice of its third amended complaint alleging legal malpractice. The complaint was dismissed for failure to provide discovery pursuant to Civ.R. 37(B) and (D). Plaintiff contends that the dismissal was contrary to the Civil Rules, since the court gave it no order, notice or warning that such a drastic remedy was to be applied, or, even if it had notice, it was entitled to a "second" chance. Plaintiff also assigns error in numerous discovery and pleading rulings made by the court leading up to the dismissal. For the reasons hereinafter stated, we find the appeal is not well taken and affirm the judgment dismissing plaintiff's complaint.

We note that, from the outset of the case, there arose a series of disputes which quickly escalated into a full-scale paper war, enough to try the patience of any trial judge. Be that as it may, we will attempt to trace the unfortunate history of this case insofar as necessary to our ruling.

On July 15, 1991, plaintiff filed a twenty-five page, one hundred fifty-five-paragraph legal malpractice complaint against defendants, Gerald Skoch Co., L.P.A., and attorneys Gerald Skoch and Allan Churchmack. The complaint alleged malpractice in the representation of plaintiff in various leasehold transactions and litigation arising out of those transactions. Defendants moved to strike various paragraphs of the complaint as redundant, irrelevant, impertinent and scandalous under Civ.R. 12(E) and because plaintiff alleged more than $25,000 in damages contrary to R.C. 2309.01. Six briefs were filed on these threshold issues alone. On November 17, 1991, the court granted the motion to strike in certain respects accompanied by a written opinion.

Several amended complaints were filed culminating in plaintiff's third amended complaint filed December 11, 1991. At a case management conference on December 16, 1991, a discovery cutoff of July 1, 1992 and a trial date of

September 28, 1992 were set. Defendants' answer to the third amended complaint and counterclaim were filed on January 10, 1992. The same date, defendants served a request for the production of documents and a set of interrogatories.

The record is replete with a number of motions and counter-motions: to compel discovery, for default, to strike, to dismiss, *in limine*, for oral hearings, for sanctions, expenses and attorneys fees and motions for reconsideration of various rulings.

On April 8, 1992, plaintiff's motion to compel discovery was denied and plaintiff was ordered "to respond to defendant's discovery requests forthwith." On April 10, 1992, the court formally granted defendants' motion to compel, requiring plaintiff to "comply with" defendants' outstanding discovery requests (interrogatories and document production) by May 1, 1992, "or sanctions will be imposed including dismissal." Plaintiff's request to stay discovery was denied. On April 30, plaintiff served its responses to the interrogatories and request for documents. Defendants found these responses evasive and incomplete.

Following unsuccessful informal efforts to obtain compliance, on July 2, 1992, defendants moved to dismiss for plaintiff's failure to provide discovery as ordered by the court. Plaintiff opposed the motion but made no effort to supplement or amend its responses.

On August 6, 1992, over plaintiff's opposition, defendants' motion to dismiss was granted with prejudice. The court's journal entry stated as follows:

"Defendant's motion to dismiss granted. Plaintiff has demonstrated a pattern of refusal to comply with the most simple requests for discovery. Plaintiff was cautioned that sanctions, including dismissal, would be imposed for failure to answer outstanding discovery by May 1, 1992 (See order Vol 1488 pg 570). The court, in reviewing the history of the case as well as attachments to pleading and copies of correspondence in the court file, finds that plaintiff's failure to comply with discovery requests to be willful, on-going and in bad faith. Plaintiff has been given ample opportunity to answer the interrogatories and refuses to answer same appropriately and in accord with the Court's instructions. *Russo v. Goodyear* (1987), [36] Ohio App.3d 175 [521 N.E.2d 1116]."

On August 13, 1992, plaintiff moved the court for reconsideration of its dismissal, stating its grounds at page 2 of its supporting brief as follows:

"First, it is preposterous to dismiss a Case on such a flimsy basis. Second, does this Court think for one minute that the Plaintiff would not have amended its Responses if this Court ordered it to do so? What this Court has done is to make the same mistake as the Defendants: it has assumed that the Plaintiff has violated a Court Order which ordered the Plaintiff to *do no more* than to file its

Discovery Responses. The Plaintiff DID file its Discovery Responses. [Emphasis *sic.*]

"Now this Court has decided that the Plaintiff's 'failure to comply with discovery requests to be willful, ongoing and in bad faith. Plaintiff has had ample time to answer the interrogatories and refuses to answer some appropriately and in accord with this Court's instructions.' Judgment Entry filed August 6, 1992. THIS IS ABSURD. Over and over again, the Plaintiff has offered to meet with the Defendants and this Court to resolve this discovery dispute—and everyone has refused. Moreover, the Plaintiff has timely responded in writing to every letter from the Defendants. How on earth does this conduct—evincing a good faith discovery dispute—arise to the level of bad faith? There is just no evidence of bad faith. How on earth does this Court convert its prior Order to reply into one telling the Plaintiff to 'appropriately answer' the Defendants' Interrogatories? The plain fact is that the Plaintiff answered or objected to each and every Interrogatory. Where does this Court get the idea that a party has to 'Answer' an interrogatory?" (Emphasis *sic.*)

The trial court denied plaintiff's motion for reconsideration on August 24, 1992 and this appeal was timely filed. Defendants voluntarily dismissed their counterclaim without prejudice.

We will consider plaintiff's Assignments of Error VIII and IX in the first instance because we find them dispositive of this appeal:

"VIII. The court erred when on or about August 6, 1992, the court granted the defendants' motion to dismiss with prejudice. Volume 1530, Page 532."

"IX. The court erred when on or about August 24, 1992, the court denied the plaintiff's motion for reconsideration. Volume 1535, Page 277."

The outcome of this appeal turns on whether or not the trial court committed an abuse of its discretion in dismissing the plaintiff's case for its failure to comply with the court's orders compelling discovery, which conduct the court found to be "willful, on-going and in bad faith."

 We may not reverse the trial court's decision unless it "affirmatively appears from the record that the court abused its discretion and that the sanction was not just." *Evans v. Smith* (1991), 75 Ohio App.3d 160, 163, 598 N.E.2d 1287, 1289; *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 179, 521 N.E.2d 1116, 1120–1121; *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 158, 21 O.O.3d 454, 455–456, 426 N.E.2d 187, 189. A review of the record in this matter demonstrates that the trial court did not abuse its discretion in dismissing plaintiff's complaint.

On January 10, 1992, defendants propounded interrogatories and document requests relating to liability and damages issues. Responses were due on or about February 7, 1992. Plaintiff did not respond to the outstanding discovery on that date. As a consequence, defense counsel sent two follow-up letters requesting the responses. (The correspondence between counsel as to discovery matters is part of the record as exhibits to the briefs in the court below.) Plaintiff eventually took the position that it would not provide defendants with the outstanding discovery until it had a ruling on its own motion to compel.

Plaintiff adopted this position even though it had earlier indicated it would supply the requested discovery. This is set forth in plaintiff's counsel's correspondence to defense counsel dated February 16, 1992, which states:

"My Client's response to your Client's discovery requests are due today. I hereby request a single extension of time until March 10, 1992 in which to respond thereto. I had planned to be able to respond to your Clients' request by this date, however, due to the extent and enormity of your Clients' discovery requests, my Client's work schedule, the other obligations in this case especially including the preparation of expert witness reports, and the inundation of new cases from my recent media exposure, and my vacation schedule, I have not been able to devote the time and attention necessary to your Client's request."

However, on March 21, plaintiff announced its refusal to respond in counsel's letter as follows:

"In response to your letter dated March 18, 1992, my Client refuses to respond to your Discovery Requests until a reasonable time after your clients fully respond to my Client's previous Discovery Requests."

In light of plaintiff's refusal, defendants filed a motion to compel on March 26, 1992. On April 6, plaintiff filed a motion in opposition to defendants' motion to compel. Its sole argument for objecting to compliance was that defendants had not fully responded to the plaintiff's discovery requests. It did not raise any concerns, later expressed, regarding privilege, work-product, or that the information requested by defendants was already in their possession. On April 8, the lower court denied plaintiff's earlier motion to compel defendants' to comply with plaintiff's discovery and ordered plaintiff to respond to defendants' discovery requests forthwith. On April 10, 1992, the trial court formally granted defendants' motion to compel stating:

"DEFTS [MOTION] TO COMPEL GRTD. PLTF TO COMPLY W/OUT-STANDING DISCOVERY REQUESTS OR SANCTIONS WILL BE IMPOSED INCLUDING DISMISSAL."

Thus, the plaintiff was on notice of its obligation to respond or be subject to dismissal.

On April 30, 1992, plaintiff filed responses which were evasive and incomplete. We have carefully reviewed the defendants' interrogatories and request for production of documents and plaintiff's responses thereto. Of the thirty-six interrogatories, plaintiff answered only two fully (*e.g.*, the identity of the sole person answering the interrogatories). Of the remaining thirty-four interrogatories, plaintiff objected to twenty-six, stated that the answer was obtainable from the plaintiff's file in the possession of defendants in twenty, claimed that the answer was "delineated" or referenced in the complaint in sixteen, asserted privilege or work product in seventeen, asserted irrelevance in seven, and asserted vagueness, "asked and answered" or "not yet determined" in eight. The majority of the responses contained more than one of the foregoing objections or evasions. By any standard, these "responses" were evasive and incomplete and supplied no meaningful information to defendants for trial preparation. Plaintiff had raised none of these objections in its opposition to defendants' motion to compel. Plaintiff failed to produce a single document in response to the document request, raising similar argumentative objections.

These responses could be properly construed as a complete failure to respond and plaintiff was in contempt of court for failing to abide by the trial court's April 10, 1992 order. Civ.R. 37(A)(3) states that "[a]n evasive or incomplete answer is a failure to answer."

Defendants commendably attempted informally to resolve the discovery stalemate without further involving the trial court as required by Loc.R. 11(F). On May 15, 1992, defense counsel directed a letter requesting plaintiff to completely and fully respond to the outstanding discovery. This letter addressed in detail the deficiencies in plaintiff's responses.

In response to defendants' letter, plaintiff wrote two letters that addressed defendants' catalogue of detailed deficiencies. Plaintiff did not attempt to answer more directly and thoroughly. Instead, it responded in its May 22, 1992 letter with statements such as:

"1. Baloney.

"2. Baloney.

" * * *

"12. 'Complaint' means 'Complaint.' 'First Amended Complaint,' means 'First Amended Complaint,' and so on. 'Complaint' does not mean 'Third Amended Complaint.' The term 'General Counsel' is a defined term in all of the various complaints—to the extent that your Clients chose to deny the Plaintiff's characterization thereof. If your Clients did not know what 'General Counsel' meant, they could not have so denied. Since your Client already know what this

term means, and since it is already defined, I have no idea why this question is being asked and re-asked.

"* * *

"24. Already answered. Do you really think that the acts have not been plead [*sic*]? Do you really not know that the damages are [in] the asserted Counter-Claim? * * *

"25. You asked a 'kitchen sink' question and you got a 'kitchen sink' answer. "* * *

"28. Come on. You know everything that happened during your Clients' tenure. Whatever happened thereafter cannot legally affect your Clients' duties or liabilities. Do you really think that the standard of care is determined by non-lawyers?"

These types of answers did not further defendants' discovery and could be deemed continued indicia of bad faith and willful noncompliance with the court's discovery order.

After exhausting these informal attempts to resolve the matter, on July 2, 1992, defendants moved to dismiss the complaint or, in the alternative, to prohibit plaintiff from entering any evidence or testimony requested in the outstanding discovery pursuant to Civ.R. 37(B)(2)(b), (c), and (d), which govern discovery sanctions. Plaintiff responded to this motion by stating that it did not have to "appropriately" respond to the discovery pursuant to the trial court's order. In its brief in opposition to defendants' motion to dismiss (at 3), plaintiff stated:

"What we are left with is the fact that the defendants do not like the plaintiff's responses. But in plain language, that is tough. The defendants are not entitled to the answer they wanted or the best possible answer from their perspective. All that the plaintiff is required to give is a literal answer to a literal question. Once that is done, neither this Court nor the defendants can compel otherwise, because 'an evasive or incomplete answer is a failure to answer.'"

Plaintiff makes the identical argument on this appeal in its Brief, at 29–30.

Further evidence of plaintiff's willful and bad faith refusal to respond to defendants' discovery requests and comply with the trial court's order may be found in its motion for reconsideration, wherein it stated (at 2–3):

"How on earth does this Court convert its prior Order to reply into one telling the Plaintiff to 'appropriately answer' the Defendants' Interrogatories? The plain fact is that the Plaintiff answered or objected to each and every Interrogatory. Where does this Court get the idea that a party has to 'answer' an interrogatory?"

Plaintiff argued below, as it does here, that it did not have to appropriately respond to the outstanding discovery until the trial court gave it a notice that its complaint would be dismissed for failing to answer the discovery. In short, plaintiff assumes it is entitled to a "second chance." Plaintiff relies on *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881, and *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951. These cases, however, are not applicable to the case at bar.

■ In both *Ohio Furniture* and *Perotti*, the Ohio Supreme Court has held that the court must give prior notice of its intent to dismiss a case for the party's noncompliance with a court order. All Ohio courts seem to be in agreement that notice is essential. The notice, however, does not have to be actual notice. Under some circumstances, notice may be reasonably implied. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199, syllabus ("Pursuant to Civ.R. 41[B][1], it is not an abuse of discretion for the trial court to dismiss an action, with prejudice, for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, when the court has directed him to be present and his location is unknown."); *Heard v. Sharp* (1988), 50 Ohio App.3d 34, 552 N.E.2d 665 (held: implied notice of dismissal was reasonable under the circumstances as the court had informed the plaintiff the time and date of the trial and plaintiff did not appear).

*Ohio Furniture* applies when *no* notice is given at all to the party at risk. See *T.T. Partnership v. Williams* (June 16, 1988), Cuyahoga App. No. 53933, unreported, 1988 WL 86718 (dismissal reversed as no notice was given the plaintiff); *Armstrong v. Revco* (Nov. 24, 1993), Cuyahoga App. No. 64044, unreported, 1993 WL 489757 (dismissal reversed when no actual or implied notice of dismissal was given).

Furthermore, the notice of dismissal must be specific and not a general warning. *Wheeler v. Denny's* (Mar. 11, 1993), Montgomery App. No. 13517, unreported, 1993 WL 65737 (general warning in order setting pretrial and discovery dates was not sufficiently specific); *Flexman v. Flexman* (Mar. 15, 1993), Montgomery App. No. 13245, unreported, 1993 WL 76949 (warning in discovery order that "non-compliance will be dealt with by the court severely," was not specific notice).

In the instant case, however, plaintiff was given actual and specific notice that failure to comply with defendants' outstanding discovery requests meant that "sanctions will be imposed including dismissal." The notice could not be more specific, and plaintiff admits it received this order. In fact, it filed oppositions to both defendants' motion to compel and motion to dismiss. It was aware of the risk it was taking by ignoring the court's order.

Plaintiff nevertheless contends that although this notice was given, it should have been permitted a second chance to comply, according to *Ohio Furniture*. However, as discussed above, the facts in *Ohio Furniture* differ from those in the case herein as in that case no notice was given to the plaintiff. A review of the case also shows that it does not stand for the proposition that the plaintiff is to receive a second chance after notice is given. The case in pertinent part states:

"Civ.R. 41(B)(1) states:

" 'Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim.' (Emphasis added.)

"We hold that the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice. [Emphasis *sic*.]

"Accordingly, the two rules should be read *in pari materia* with regard to dismissals with prejudice.

"This holding stems from and reflects 'a basic tenet of Ohio jurisprudence that cases should be decided on their merits.' *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3 [7 OBR 256, 257–258, 454 N.E.2d 951, 952]. Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice." *Ohio Furniture, supra*, 22 Ohio St.3d at 101, 22 OBR at 135, 488 N.E.2d at 883.

The required procedure is exactly what occurred in the instant case. The defendants moved to compel. The court did not dismiss the case at that time, but instead ordered the plaintiff to comply or it would dismiss the case. This permitted the plaintiff one last chance to comply before the court would order dismissal.

Plaintiff chose to respond with evasive or incomplete answers, which is "a failure to answer" under Civ.R. 37(A)(3), and its case was dismissed on August 8, consistent with the warning contained in the trial court's April 10, 1992 order.

In a recent and similar case, the dismissal of a complaint due to plaintiff's failure to comply with the trial court's discovery order was upheld. *Evans v. Smith* (1991), 75 Ohio App.3d 160, 598 N.E.2d 1287. In *Evans*, defendant had unsuccessfully attempted to depose the plaintiff on several occasions and finally moved to dismiss. The trial court denied the motion to dismiss and ordered plaintiff to attend a deposition on April 4, 1990 and to "answer all proper questions or suffer dismissal." *Id.* at 163, 598 N.E.2d at 1289. Plaintiff attended

the deposition, but his answers were palpably evasive; as a consequence, the court granted defendant's renewed motion to dismiss. *Id.*

The court of appeals in affirming the trial court's decision reviewed Ohio Civ.R. 37(B)(2) and the case law interpreting same, stating:

" 'If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others [may] * * * dismiss the action or proceeding or any part thereof * * *.'

"When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ.R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 158, 21 O.O.3d 454, 456, 426 N.E.2d 187, 189. A trial court does not abuse its discretion by ordering the dismissal of an action pursuant to Civ.R. 37 where the record does not show that the failure to comply with discovery orders was due to inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party. *Rauchenstein v. Kroger Co.* (1981), 3 Ohio App.3d 178, 3 OBR 204, 444 N.E.2d 445." *Id.,* 75 Ohio App.3d at 163, 598 N.E.2d at 1289.

In upholding the dismissal, the court did not accept the excuse that plaintiff offers here, that giving some spurious answer was adequate and operated as compliance:

"[Plaintiff] did attend the April 4, 1990 deposition as required by the entry. However, an examination of the transcript of the deposition reveals that [plaintiff] employed various tactics (memory losses, insisting that he could not answer certain questions regarding documents without examining the actual original documents, requesting the court reporter to search thorough his testimony to determine if a question had already been asked and answered) designed to impede discovery. In light of these unjustified tactics, we hold that the trial court did not abuse its discretion by determining that [plaintiff] acted in bad faith." *Id.* at 164, 598 N.E.2d at 1289. See, also, *Graines v. Strozier* (Apr. 6, 1989), Cuyahoga App. No. 55195, unreported, 1989 WL 34719; *Babb v. Ford* (1987), 41 Ohio App.3d 174, 181, 535 N.E.2d 676, 683.

As in *Evans*, plaintiff here was given actual written notice by a journal entry and order that warned its case would be dismissed if it failed to answer the outstanding discovery requests. Notwithstanding the trial court's order, plaintiff violated the order by providing evasive or incomplete answers. Plaintiff did so because, in its opinion, it was not required to "appropriately" respond to the outstanding discovery. A court's orders are not to be taken lightly—simply

"going through the motions" will not do. In the face of the court's warning of dismissal, plaintiff was obliged to respond appropriately, *i.e.,* in a good faith and honest effort to satisfy the requests. Were it otherwise, sham answers, spurious objections, obstruction and stonewalling would be the order of the day. This court will not tolerate such practices. The drastic remedy of dismissal is warranted where the record indicates the party willfully failed to comply with discovery and acted in bad faith. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 456–457, 426 N.E.2d 187, 189–190; *Smith v. Smith* (1982), 5 Ohio App.3d 185, 188, 5 OBR 369, 372–373, 450 N.E.2d 736, 739. The trial court gave plaintiff ample opportunity to comply. We find no abuse of discretion in the dismissal.

Assignments of Error VIII and IX are overruled.

"IV. The court erred when on or about January 15, 1992, the court denied the plaintiff's motion to strike the defendants' answer and counterclaim. Volume 1455, Page 759.

"V. The court erred when on or about January 17, 1992, the court denied as moot the plaintiff's second motion for a default judgment. Volume 1456, Page 661.

"VI. The court erred when on or about January 22, 1992, the court denied the plaintiff's motion for reconsideration of its second motion for a default judgement and its motion to strike the defendants' answer and counterclaim. Volume 1457, Page 463."

Plaintiff's Assignments of Error IV, V and VI will be considered together as they address the same issue: whether the trial court properly permitted the defendants to file their answer past the rule date. Plaintiff's theory is that the court should have granted default judgment in its favor because the defendants did not obtain leave to file their answer to the amended complaint. For the reasons set forth below, we find no merit to these assignments of error.

Plaintiff relies on *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752, to support its argument that absent a motion showing excusable neglect, the trial court cannot extend the time in which the answer may be pled. However, *Miller* is distinguishable. In *Miller,* one complaint was filed to which no response was given. In the instant case, plaintiff filed a complaint to which defendants filed a motion to strike. Over plaintiff's opposition, the court granted defendants' motion. On November 15, 1991, plaintiff filed its first amended complaint to which defendants objected. The court again ordered plaintiff to file an amended complaint in compliance with its prior order. It was not until December 11, 1991, that plaintiff filed two amended complaints (the Second and Third Amended Complaints). This created confusion as to which amended

complaint defendants should respond. On December 16, 1991, a case management conference was held at which the two amended complaints were discussed. At this conference, defendants stated they would respond to the third amended complaint so that further delay would not result. Their answer and counterclaim were filed on January 10, 1992.

■ We cannot say, given the confusion resulting from the various amended complaints, that the court abused its discretion in allowing the defendants to file their answer at that time. Nor did the court err thereafter in finding plaintiff's default motions moot, since no prejudice resulted to plaintiff from the short delay. The court's moot entry signified the court's intent to allow the filing of the answer. Furthermore, unlike *Miller*, defendants did not fail to substantially comply with the Civil Rules, but complied once the confusion regarding the two amended complaints was resolved. As this court stated, under similar circumstances, in *Gibbons v. Price* (1986), 33 Ohio App.3d 4, 10, 514 N.E.2d 127, 132–133, in interpreting *Miller*, "absent a serious transgression or flagrant disregard of the rules, a defendant should be allowed to fully defend at trial any allegations raised by the plaintiff." See, also, *Gravill v. Parkhurst* (1985), 27 Ohio App.3d 100, 102–103, 27 OBR 121, 123–124, 499 N.E.2d 913, 915–916, where confusion as to the answer date justified discretionary relief from default. The court did not abuse its discretion in allowing the answer to the amended complaint to stand.

These assignments of error are overruled.

"I. The court erred when on or about November 13, 1991, the court granted in part the defendants' motion to strike. Volume 1437, Pages 139–45.

"II. The court erred when on or about December 11, 1991, the court denied the plaintiff's motion for frivolous conduct sanctions. Volume 1445, Page 241.

"III. The court erred when on or about December 11, 1991, the court ordered the plaintiff to file another amended complaint. Volume 1445, Page 240."

"VII. The court erred when on or about April 8, 1992, the court denied the plaintiff's motion to compel discovery. Volume 1487, Page 894."

We have carefully reviewed the remaining assignments of error and find that the trial court's conduct of which complaint is made was well within its discretion regarding such matters and they are otherwise moot in view of our disposition of Assignments of Error VIII and IX. App.R. 12(A)(1)(c).

*Judgment affirmed.*

JOHN F. CORRIGAN, P.J., and BLACKMON, J., concur.