DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before us on appeal from the judgment entry of the Lucas County Court of Common Pleas dismissing appellants' case pursuant to Civ.R. 41(B). Appellants, Anita West, Gary Cheatham, and their two children, had filed a complaint against the Toledo Police Department and several officers, jointly appellees. The complaint alleged that while improperly executing a search warrant on their premises, officers destroyed personal property and inflicted emotional distress.
 {¶ 2} Appellants assign two errors for review:
 {¶ 3} "Assignment of Error No. I: The city defendants [sic] counsel was required by Rule 37(E) to try to resolve any dispute or problem in discovery `* * * shall make a reasonable effort to resolve the matter through discussion with the attorney * * *', and such was necessary and required to be done, before the city could lawfully file a motion to compel [sic].
 {¶ 4} "Assignment of Error No. II: The Court of Common Pleas Court [sic] commits reversible error in granting a motion to dismiss where there has been no compliance with Rule 37(E) requiring a party seeking discovery to first make a reasonable effort to resolve the matter through discussion with the * * * `opposing attorney, [sic] and after receiving the opposing attorney's certificate of service of the answers to interrogatories and requests for production of documents, the attorney seeking discovery, should give a telephone call, at the least, to state that the attorney has not received the discovery sought, and where that has not been done, no judgment of dismissal under Rule 37 should be entered; and if entered, should be reversed [sic]."
 {¶ 5} As appellants' arguments for each assignment of error are nearly identical, we address them jointly. Civ.R. 37 authorizes trial courts to impose a range of sanctions, including dismissal, if a plaintiff fails to comply with an order of the court regarding discovery. An appellate court reviews involuntary dismissals for failure to comply with discovery orders pursuant to Civ.R. 37(B)(2)(c) for an abuse of discretion. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48. "The appropriateness of the choice [of sanctions] is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction."Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175,178. Reversal will not be warranted unless the trial court displayed an unreasonable, arbitrary, or unconscionable attitude.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. With respect to dismissals, "[j]udicial discretion must be carefully — and cautiously — exercised" when dismissing a case on purely procedural grounds. Quonset Hut, Inc., supra, citing DeHart v.Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189.
 {¶ 6} Civ.R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Before dismissing an action on this basis, however, appropriate notice must be given. Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99. Counsel also has to be given a "reasonable opportunity" to defend against dismissal. Quonset Hut, Inc.,
supra, syllabus; Hillabrand v. Drypers Corp. (2000),87 Ohio St.3d 517. Where a trial court warns, in its order to compel compliance with discovery requests, that dismissal is a possible consequence of failure to comply, notice is deemed given.Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A. (1994),92 Ohio App.3d 823, 827. A motion to dismiss for a plaintiff's failure to comply with an order compelling discovery also sufficiently constitutes notice. Sazima v. Chalko (1999),86 Ohio St.3d 151, 155, citing Quonset Hut, Inc., supra.
 {¶ 7} The relevant events occurred as follows:
 {¶ 8} On March 15, 2005, appellants were served, through their counsel, with appellees' first set of interrogatories and requests for production of documents.
 {¶ 9} Counsel for appellees mailed a letter to appellants' counsel, dated May 24, 2005, notifying them that no responses had been received, and that if appellants did not respond, appellees would file a motion to compel.
 {¶ 10} When he received no response, counsel for appellees mailed a letter to counsel for appellants, dated June 7, 2005, enclosing a copy of a motion for an order compelling discovery. On June 7, 2005, appellees filed a motion to compel discovery with the trial court. Attached to the motion was a copy of appellees' letter to appellants' counsel dated May 24, 2005.
 {¶ 11} On June 15, 2005, by entry, the trial court ordered appellants to produce answers to the interrogatories and produce documents responsive to appellees' requests no later than July 8, 2005. The entry included a warning that appellants' failure to respond may result in the dismissal of the complaint pursuant to Civ.R. 37.
 {¶ 12} On July 11, 2005, three days after discovery was due, appellants' counsel filed a "motion for extension to Wednesday, July 13, 2005," which stated that appellants had been unable to meet with their counsel. It also stated that appellants' counsel had the answers to interrogatories "written up but they haven't been typed yet," and that "this Court knows, this Counsel has been working on different cases which take a lot of time. Now he has more time. This is in the interest of Justice."
 {¶ 13} On July 13, 2005, appellants' counsel filed a "certificate of service of answers to interrogatories and request for production of documents" with the trial court. It stated that the "papers Answered are being mailed * * *."
 {¶ 14} On July 22, 2005, appellees' counsel mailed a letter to appellants' counsel enclosing a copy of a motion to dismiss for failure to respond to discovery requests. That same day, appellees filed their motion to dismiss with the trial court; the attached memorandum stated that appellees' counsel had, on July 13, 2005, received a "pile of unorganized `papers,' only some of which may be responsive to the production requests." It also stated that appellants had not produced any "sworn responses" to their interrogatories, despite appellants' counsel's July 13, 2005 certification.
 {¶ 15} Appellees' counsel mailed a letter dated August 18, 2005, to appellants' counsel, referencing and responding to a telephone message from appellants' counsel of August 16, 2005, which had apparently requested a copy of appellees' motion for "summary judgment." The letter advised appellants' counsel that appellees had, in fact, filed a motion to dismiss for failure to comply with the order compelling discovery; enclosed to appellants' counsel was another copy of appellees' motion to dismiss.
 {¶ 16} By judgment entry, on August 23, 2005, the trial court dismissed appellants' complaint. The trial court found that appellants had failed to comply with the discovery order before July 8, 2005, and that appellants had failed to respond to appellees' interrogatories "in writing and under oath" as required. Notably, the dismissal was not with prejudice.
 {¶ 17} On August 26, 2005, appellants' counsel filed a response to appellees' motion to dismiss. It noted that the motion to dismiss had been filed on July 22, yet appellants' counsel stated in his response that he "never saw" the motion to dismiss until he "paid for a copy of one at the clerk's file room on August 23, 2005."
 {¶ 18} On August 30, 2005, appellants' counsel filed with the trial court a "motion to file instanter" appellants' answers to interrogatories and requests for production of documents. Thereafter, appellants timely filed an appeal from the dismissal.
 {¶ 19} Unlike the plaintiff in Hillabrand, supra, appellants' counsel here had ample time to respond to the order compelling discovery and the motion to dismiss for failure to comply with that order. At no time has appellants' counsel asserted that his later filings were due to lack of notice or service. Rather, appellants' counsel raises issues with his schedule, his clients' inability to obtain transportation, and his own typing speed. Contrary to appellants' urging, Civ.R. 37 only requires that "reasonable efforts" be made to resolve the matter; it does not require a telephone call. The trial court soundly determined that appellees' letter to appellants' counsel, attached to appellees' motion to compel, constituted such reasonable efforts. Further, dismissals for untimely compliance with the trial court's order, or with incomplete or evasive answers, have been upheld in similar circumstances. See ShorewayCircle, Inc., supra.
 {¶ 20} Appellants' counsel did assert that he had not received a copy of appellees' motion to dismiss. However, the trial court did, in its order compelling discovery, warn appellants' counsel that dismissal would be a possible consequence of a failure to comply. Thus, appellants' counsel had due notice as required by Civ.R. 41(B). Shoreway Circle, Inc.,
supra.
 {¶ 21} Appellants' two assignments of error are therefore not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Skow, J. concur.