DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee Envirosafe's motion to dismiss pursuant to Civ. R. 37 and 41(B). For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, William Norton, sets forth the following two assignments of error: *Page 2 
 {¶ 3} "No. I: The trial court erred by granting appellee's motion to dismiss, as said motion was not supported by any evidence.
 {¶ 4} "No. II: The trial court abused its discretion by dismissing appellant's complaint for alleged discovery violations."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. This case stems from an accident occurring in February 1997. Appellant fell from the trailer of a truck he had driven to an Envirosafe facility located in Toledo, Ohio.
 {¶ 6} On June 30, 1998, appellant filed his first suit against Envirosafe in connection to the incident. Envirosafe filed its answer and served written discovery requests upon appellant. Appellant failed to respond to discovery. In February 1999, appellant dismissed his case without prejudice. On February 1, 2000, appellant refiled the case. This second filing was subsequently stayed due to a bankruptcy filing. The bankruptcy stay was lifted in 2004.
 {¶ 7} In May 2004, following the lifting of the stay, Envirosafe again submitted standard discovery requests to appellant. The discovery requests sought appellant's medical condition and treatment history to enable evaluation of proximate cause and damages.
 {¶ 8} Appellant again failed to respond to discovery necessitating the filing of a motion to compel. On February 18, 2005, the trial court granted the motion to compel and issued a discovery order to appellant mandating appellant produce the discovery. *Page 3 
Appellant again failed to comply and did not produce discovery. Appellant dismissed the case without prejudice for the second time.
 {¶ 9} On December 8, 2005, appellant refiled the 1997 case a third time. Envirosafe once again submitted the discovery that went unanswered during the first two filings of the case. Appellant again failed to comply and did not produce the discovery. On March 7, 2006, Envirosafe filed another motion to compel. Faced with the pending motion to compel, appellant produced some discovery. The discovery produced was minimal.
 {¶ 10} The perception of Envirosafe's counsel of this minimal discovery was that it was likely incomplete. Accordingly, counsel for Envirosafe undertook independent efforts to investigate appellant's history of medical treatment and medical service providers. It was quickly discovered that the scant discovery produced had omitted a substantial quantity of relevant information. Counsel for Envirosafe identified at least sixteen medical service providers and four medical service institutions responsive to the discovery requests that were not disclosed.
 {¶ 11} Given the concerning status of discovery, Envirosafe sought to depose appellant and have him submit to an independent medical examination ("IME") in an effort to fill in some of the apparent information gaps. Appellant refused to comply, claiming to be physically unable to travel to Ohio from his home in Tennessee. The records independently obtained by Envirosafe contradicted appellant's claim. *Page 4 
 {¶ 12} On October 27, 2006, Envirosafe filed a motion to compel or dismiss pursuant to Civ. R. 37 and 41(B) given appellant's ongoing refusal to be deposed, submit to an IME, and fully furnish discovery. On December 19, 2006, oral arguments were heard by the trial court. In response to oral arguments, the trial court issued a specific ten-part discovery order to appellant and ordered compliance by January 12, 2007.
 {¶ 13} On January 11, 2007, the day prior to the discovery deadline, appellant sought and was granted a three-week extension. Nevertheless, appellant did not comply with the trial court's extended discovery deadline. Appellant sent correspondence to counsel for Envirosafe on the extended discovery deadline. The correspondence provided de minimis additional information and was not responsive to the bulk of the court's ten-part discovery order.
 {¶ 14} On February 22, 2007, Envirosafe filed a second motion to compel or dismiss. On May 1, 2007, oral arguments were heard by the trial court. On May 10, 2007, the trial court issued a second discovery order to appellant. This sequel discovery order mandated discovery compliance by May 24, 2007. It also admonished appellant that it would not entertain further delays, set up a hearing for the following month, mandated appellant's appearance at same, and expressly notified appellant that appellee's pending motion to dismiss would be addressed at the next hearing.
 {¶ 15} Appellant again failed to comply with the bulk of the trial court's discovery order. No supplemental information regarding treating medical service providers, *Page 5 
numerous of whom had been independently uncovered and identified by Envirosafe, was furnished by appellant.
 {¶ 16} On June 28, 2007, the trial court resumed the hearing on the status of appellant's discovery compliance. The trial court found appellant's explanation of the significant and ongoing discovery omissions regarding information requisite to proximate cause and damages assessment unpersuasive. Appellant asserted that he thought that he had complied with discovery and claimed lack of memory when confronted with various gaps and inconsistencies between the independently retrieved medical records compared with appellant's discovery assertions.
 {¶ 17} The trial court granted appellee's motion to dismiss pursuant to Civ. R. 37 and 41(B) based upon appellant's gross failure to comply with its discovery orders. Timely notice of appeal was filed.
 {¶ 18} Appellant's two assignments of error are substantively analogous and will be addressed simultaneously. In his assignments of error, appellant maintains that Envirosafe's motion to dismiss was not supported by any evidence and that any such evidence is so scant that the granting of the motion should be construed an abuse of discretion.
 {¶ 19} This court has repeatedly affirmed the legal principle that Civ. R. 37 expressly authorizes the trial court to utilize dismissal as a sanction in response to a failure to comply with a trial court discovery order. West v. Toledo Police Dept, 6th Dist. No. L-05-1312,2006-Ohio-6051. *Page 6 
 {¶ 20} It is equally well established that an appellate court reviews involuntary dismissals for failure to comply with discovery orders pursuant to the abuse of discretion standard of review. Quonset Hut Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48. As such, such a dismissal will not be reversed unless the record shows the trial court's actions to be unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Civ. R. 41(B)(1) establishes the type of involuntary dismissal being disputed as, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to plaintiffs counsel, dismiss an action or claim."
 {¶ 22} We have carefully reviewed the record for any indicia sufficient to persuade us that the dismissal was an abuse of discretion. On the contrary, we find the record establishes that appellant was given countless opportunities to comply with the discovery rules and the trial court's discovery orders issued in response to appellant's failure to comply. The record shows that the trial court went to great lengths over a lengthy period of time to avoid an involuntary dismissal.
 {¶ 23} The record establishes that even after appellant was made aware that Envirosafe discovered substantial discovery gaps in appellant's discovery through its own investigation and efforts, appellant persisted in failing to abide by the explicit discovery orders of the court. This transpired despite repeated discovery extensions to appellant *Page 7 
and clear warnings and notice by the trial court to appellant that ongoing failure to comply could result in dismissal.
 {¶ 24} We find that the trial court properly and sufficiently notified appellant of specific deficiencies in discovery that needed to be complied with and of the potential dismissal consequences of the ongoing failure to do so. We find that the trial court gave appellant numerous extensions and repeated opportunities to avoid such an outcome. There is ample evidence in the record in support of the trial court's actions. The trial court did not abuse its discretion. We find appellant's assignments of error not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeals pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation for the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1