OPINION
{¶ 1} Plaintiff-appellant, Demas E. Asres, appeals from a judgment of the Franklin County Municipal Court denying his motion for continuance and dismissing his complaint against defendant-appellee, Jesse D. Dalton, for want of prosecution. Because the trial court did not abuse its discretion in denying appellant's motion for continuance and dismissing the case, we affirm.
 {¶ 2} Appellant and appellee were involved in an automobile accident on July 7, 2003. As a result, appellant filed a personal injury complaint against appellee in the Franklin County Municipal Court seeking damages due to appellee's alleged negligence. The parties engaged in discovery and the case was ultimately set for trial on September 7, 2004. Three weeks before the scheduled trial date, appellant voluntarily dismissed his complaint without prejudice pursuant to Civ.R. 41(A)(1)(a).
 {¶ 3} On August 26, 2004, appellant refilled the action. The trial court held a pretrial conference on February 1, 2005 pursuant to which the trial court set the case for trial on May 17, 2005. Counsel for both parties attended the pretrial conference and agreed to the schedule. It is also undisputed that both counsel received written notice of the trial date.
 {¶ 4} On May 16, 2005, one day before the scheduled trial date, appellant's counsel filed a motion to continue the trial. Appellant's counsel stated in the motion that appellant had been in Ethiopia since at least October 2004 and that appellant had not returned to the United States. Appellant's motion was not supported by an affidavit. Appellee opposed the continuance.
 {¶ 5} The case came on for trial as scheduled on May 17, 2005. Prior to the commencement of proceedings, the trial court addressed appellant's motion for continuance. In response to the trial court's inquiry, appellant's counsel stated that appellant went to Ethiopia for medical reasons in October 2004 and that counsel had not heard from appellant in seven months, despite counsel's attempts to contact him. Appellant's counsel was unable to give the trial court any indication of when appellant might be available to appear for trial. Appellant's counsel also stated that he was unable to proceed in appellant's absence.
 {¶ 6} The trial court denied appellant's motion for continuance and dismissed the case for appellant's failure to prosecute.
 {¶ 7} Appellant appeals, assigning the following error:
The trial court committed reversible error by denying a motion for continuance and dismissing the action.
 {¶ 8} Appellant's assignment of error raises two distinct issues: (1) whether the trial court erred when it denied appellant's motion for continuance; and, (2) whether the trial court erred when it dismissed the case for appellant's failure to prosecute.
 {¶ 9} We first address the trial court's denial of appellant's motion for continuance. The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial court. An appellate court must not reverse the denial of a motion for continuance unless the trial court has abused its discretion. State v. Unger (1981),67 Ohio St.2d 65, 67. As stated by the court in Unger:
In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68. In addition, the phrase "abuse of discretion" connotes more than an error of law or judgment on the part of the trial court; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In the case at bar, although appellant's counsel had been aware of the trial date for over three months, he waited until the day before the scheduled trial date to file a motion for continuance. The motion was not supported by an affidavit. The only reason for the continuance stated in the motion was that appellant had left the United States and had not returned. During an on the record discussion between the trial court and appellant's counsel immediately prior to the commencement of trial, appellant's counsel revealed that he had not had any contact with his client for over seven months. Therefore, appellant's counsel was not able to represent to the trial court when appellant might be able to proceed with the case. Appellee's counsel opposed the continuance arguing that it was unfair to keep his client in limbo and pointing out that the case previously had been dismissed without prejudice three weeks before a scheduled trial date.
 {¶ 11} Given appellant's counsel's inability to provide the trial court with an explanation of why appellant had not returned to the United States for the trial or some indication of when appellant might return, we cannot conclude that the trial court's denial of appellant's motion for continuance was unreasonable, arbitrary, or unconscionable. The trial court is responsible for managing its docket and it must also be mindful of how a pending lawsuit can affect the defendant. Again, because appellant's counsel was unable to explain why appellant had not returned to the United States or when appellant might return, the trial court did not abuse its discretion by denying the motion for continuance.
 {¶ 12} Next, we address the trial court's dismissal of the case for appellant's failure to prosecute. A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute. Pembaur v. Leis (1982), 1 Ohio St.3d 89,90. Civ.R. 41(B)(1) provides:
Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
 {¶ 13} The power to dismiss for failure to prosecute is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. Pembaur, supra, at 91. Therefore, the trial court's dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore, supra; Pembaur, supra. Moreover, a dismissal for failure to prosecute is an adjudication on the merits, unless the court's order otherwise specifies. Civ.R. 41(B)(3).
 {¶ 14} However, Civ.R. 41(B)(1) requires that a plaintiff receive notice before the dismissal, thereby affording the plaintiff an opportunity to correct the default, or explain why the case should not be dismissed with prejudice. Metcalf v. OhioState Univ. Hosps. (1981), 2 Ohio App.3d 166, 167; McCormac,
Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. It is error for the trial court to dismiss a plaintiff's case for failure to prosecute without notice. Williams v. Banner Buick,Inc. (1989), 60 Ohio App.3d 128, 131. Therefore, appellate review of a dismissal for failure to prosecute involves two assessments. First, an appellate court must determine if the trial court provided the plaintiff with sufficient notice prior to the dismissal. Second, an appellate court must determine whether the dismissal constituted an abuse of discretion.
 {¶ 15} Here, the record reflects that appellant received no notice that the case would be dismissed for failure to prosecute other than the notice that is perhaps implied under the Ohio Civil Rules when appellant's counsel is notified of the trial date. Although not cited by either party, the Supreme Court of Ohio in Logsdon v. Nichols (1995), 72 Ohio St.3d 124, specifically addressed this issue. In Logsdon, neither the plaintiffs nor their counsel appeared on the scheduled trial date. Counsel for the defendant was ready to proceed. The trial court dismissed the case with prejudice due to the plaintiffs' failure to prosecute. Because the record disclosed no notice to plaintiffs or their counsel that the action was subject to dismissal with prejudice, and because plaintiffs' counsel had no opportunity to explain their nonappearance, the Logsdon court reversed stating:
Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, "[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *." McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice."Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166 * * *. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance. McCormac, supra, at 357.
Id. at 128.
 {¶ 16} We note that the court in Logsdon relied heavily on the equitable principle expressed in Section 13.07 of McCormac,
Ohio Civil Rules Practice, that the purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id. This principle is particularly applicable when neither the plaintiff nor his counsel are present to explain the failure to prosecute.
 {¶ 17} The case at bar is distinguishable from Logsdon
because appellant's counsel was present on the scheduled trial date and had the opportunity to explain his client's absence. He also had an opportunity to tell the court when his client might be able to proceed with his case. Unfortunately, appellant's counsel was unable to give the court any information regarding these two points. As noted in the same section of McCormac's
Ohio Civil Rules Practice relied upon by the court in Logsdon:
* * * Notice of intended dismissal is a condition precedent to dismissal in order to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. Had counsel for the defaulting party been present at the scheduled trial, and been unable or unwilling to proceed, it may be sufficient notice to move the court to dismiss the case immediately with prejudice for failure to prosecute because the court would then have an opportunity to allow plaintiff to respond to show why the case should not be dismissed either with or without prejudice. The policy in the argument that notice of the time for trial is not sufficient notice to the party to permit summary dismissal without further notice is that the failure of the party or counsel to appear or to notify the court of nonappearance may be because of circumstances beyond the party's control, such as faulty notice or another circumstance that should be brought to the court's attention prior to dismissal with prejudice.
McCormac, supra, at 357.
 {¶ 18} We agree with the rationale set forth in Section 13.07 of McCormac's treatise. To some extent, a plaintiff must be charged with knowledge and, therefore, implied notice, of the consequences of his action, or inaction. Requiring notice of the intended dismissal to allow the plaintiff or his counsel the opportunity to explain the failure to appear for trial serves no purpose when plaintiff's counsel is present for trial and has the opportunity to explain plaintiff's failure to prosecute.
 {¶ 19} Nor do we find that the trial court abused its discretion in dismissing the case for failure to prosecute under these circumstances. Again, appellant's counsel admitted that his client was out of the country and that he had not heard from him in over seven months. Appellant's counsel did not know why appellant had not returned to the United States for the trial. He did not know when appellant might return or even if appellant still intended to proceed with the case. The trial court was also sensitive to the rights of the appellee. During the conference with counsel, the trial court stated:
This case was already, for some reason unbeknownst to anybody present here, dismissed once. We have no knowledge as far as whether or not Mr. Asres, the plaintiff, even has any intention of returning since he has not been in contact with his attorney. And, therefore, over the objection of the plaintiff's counsel, I am going to dismiss this case because you cannot go forward. I am not going to grant the continuance, because we would be continuing it for a date that is totally uncertain because you have not had your client in contact with you for approximately seven months. And I don't think it's fair to the defendant in this case to have been sued once before, had the case dismissed, have the case refilled, and it's set for jury trial today, and to have the case stayed without any finality. So, therefore, the Court is going to dismiss the case, not grant the continuance and not grant the stay.
(Tr. 4-5.) Given these facts, the trial court did not abuse its discretion in dismissing appellant's case for failure to prosecute.
 {¶ 20} Because the trial court did not abuse its discretion in denying appellant's motion for continuance and dismissing the case for failure to prosecute, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
French and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.