DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Toledo Municipal Court dismissing a suit for want of prosecution. Because we conclude that the trial court failed to give notice to the parties pursuant to Civ.R. 41(B)(1), we reverse.
 {¶ 2} In May 2005, appellant, Sunbelt Rentals, filed a breach of contract suit against appellee, Knuth, Ltd. Appellee filed an answer and counterclaims; appellant replied. Although the court scheduled a pretrial for July 27, 2005, neither party appeared. On that same day, the trial court issued a judgment stating, "Upon Motion of Defendant," the case was dismissed for want of prosecution. Appellant now appeals that judgment, arguing that the trial court erred because, first, it failed to give notice pursuant to Civ.R.41(B) of its intent to dismiss and, second, dismissal was an excessive sanction for failure to appear at one pre-trial.
 {¶ 3} Civ.R. 41(B)(1) provides that when a plaintiff "fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, uponnotice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.) On appeal, the dismissal of an action for failure to prosecute will be reversed if the trial court failed to provide notice pursuant to Civ.R. (B)(1) or a reasonable opportunity for a party to defend against dismissal. Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128; Asres v. Dalton, 10th Dist. No. 05AP-632, 2006-Ohio-507, at ¶ 14.
 {¶ 4} In this case, the judgment entry of dismissal was entered on July 27, 2005, the same day as the missed pre-trial. Nothing in the record indicates that the trial court sent notice to appellant's counsel or to appellant that the action was subject to dismissal or that appellant had an opportunity to defend against the dismissal. Therefore, the trial court erred in dismissing appellant's case prior to giving notice of its intent to do so.
 {¶ 5} Accordingly, appellant's first assignment of error is well-taken. Appellant's second assignment of error is moot.
 {¶ 6} The judgment of the Toledo Municipal Court is reversed and the case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. Concur.