OPINION
{¶ 1} Plaintiff-appellant, Denise A. Williams, appeals from a judgment of the Franklin County Court of Common Pleas dismissing with prejudice, pursuant to Civ. R. 41(B)(1), her complaint against defendants-appellees, RPA Development Corp., Judgment Recovery, LLC, Florida Financial, LLC, Northridge Lending, Ltd., Robert P. Anderson and Stacee A. Adams (collectively, "defendants"). Plaintiff assigns a single error: *Page 2 
 ASSIGNMENT OF ERROR 1: THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF-APPELLANT'S CASE WITH PREJUDICE RATHER THAN IMPOSING A LESSER SANCTION.
Because the trial court acted within its discretion in dismissing plaintiff's complaint with prejudice for plaintiff's continued failure to comply with the court's orders, we affirm.
 {¶ 2} On December 14, 2005, plaintiff filed a complaint against defendants that sought a restraining order and damages arising out of real estate transactions in which plaintiff conveyed two properties to defendants. Plaintiff's complaint alleged defendants took advantage of her lack of experience with foreclosure procedures and real estate in general and, as a result, defrauded her, unjustly enriched themselves, and intentionally inflicted emotional distress on her. After some procedural sparring, plaintiff filed an amended complaint on February 3, 2006, and defendants answered on May 31, 2006. By order filed January 31, 2007, the trial court referred the matter to mediation before a magistrate, a date later continued to May 23, 2007. The order advised that "all parties shall be present for the mediation. A failure to attend may lead to the imposition of sanctions."
 {¶ 3} Defendants appeared for mediation on May 23, accompanied by counsel; plaintiff's counsel also appeared. Plaintiff, however, was absent, and she failed to notify either the court or her attorney of the reason for her nonappearance. The magistrate issued a show cause order and scheduled a hearing for July 11, 2007 to allow plaintiff to explain why she should not be held in contempt. The order placed plaintiff on notice that failure to appear at the show cause hearing would result in her case being dismissed with prejudice. *Page 3 
 {¶ 4} Plaintiff appeared on July 11, 2007 and apologized. Although the magistrate issued an order finding plaintiff in contempt for missing the mediation, the magistrate found the contempt had been purged. The mediation was rescheduled for August 10, 2007. The scheduling order advised "[p]laintiff must be present and on time for this hearing. No leeway shall be granted. Failure to appear as required shall result in dismissal of this case with prejudice." On July 23, 2007, the magistrate filed an amended scheduling order and contempt finding that changed only the stated basis for defendants' Civ. R. 11 motion, a matter not at issue in this appeal. The order repeated the magistrate's previous warning that another unexplained absence of plaintiff would lead to dismissal of the complaint with prejudice.
 {¶ 5} After plaintiff failed to appear for the August 10 mediation, the magistrate recommended dismissal with prejudice pursuant to Civ. R. 41(B)(1). Plaintiff filed objections to the magistrate's recommendation on August 29, 2007. On October 1, 2007, the trial court overruled plaintiff's objections, adopted the magistrate's recommendation in its entirety, and dismissed plaintiff's complaint with prejudice. In her single assignment of error, plaintiff asserts the trial court erred in doing so.
 {¶ 6} Civ. R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim." Civ. R. 41(B)(1) thus permits a trial court to dismiss an action when a plaintiff fails to prosecute. Asres v. Dalton, Franklin App. No. 05AP-632, 2006-Ohio-507, at ¶ 12, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89, 90. The power to dismiss for failure to prosecute is within *Page 4 
the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion.Asres, supra. The trial court's dismissal for failure to prosecute thus will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, and Pembaur, supra.
 {¶ 7} Before dismissing a case for failure to prosecute, a court must notify the plaintiff of the court's intent to dismiss so as to afford the plaintiff an opportunity to correct the default or explain why the case should not be dismissed with prejudice. Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, citing Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166 and McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07. A trial court errs in dismissing a plaintiff's case for failure to prosecute when notice has not been given. Asres, supra, at ¶ 14, citing Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 131.
 {¶ 8} Appellate review of a dismissal for failure to prosecute thus involves two assessments. Initially the appellate court must determine if plaintiff was provided with sufficient notice prior to the dismissal. Id. Upon finding that notice was provided, the appellate court must then determine whether the dismissal constituted an abuse of discretion. Id.
 {¶ 9} Here, the record amply demonstrates plaintiff received the required notice. The magistrate's July 23, 2007 order notified plaintiff that failure to attend the August 10 mediation would result in plaintiff's complaint being dismissed with prejudice. The notice afforded plaintiff the opportunity, prior to the August 10 mediation, to make preparations *Page 5 
to attend or request a continuance if unexpected circumstances arose. See McCormac, supra (noting "[t]he basic purpose of the notice requirement is to give the party an opportunity to obey the order"). While plaintiff maintains she was unaware of the mediation because she was out of town and failed to open her mail, the magistrate's decision, filed August 15, 2007, specifically states that plaintiff was informed on July 11, 2007 "orally and in writing" about the August 10 mediation and that her failure to appear would result in dismissal of her case with prejudice. According to the magistrate, plaintiff "indicated she understood." As a result, plaintiff's explanation, posited in her objections, fails to justify her absence. Nor does it suggest that an opportunity to further explain her absence, prior to the court's dismissing her complaint, would have allowed her to present a plausible excuse.
 {¶ 10} Despite having received notice, plaintiff contends the trial court abused its discretion in dismissing her complaint with prejudice under Civ. R. 41(B)(1). Relying on Jones v. Hartranft (1997),78 Ohio St.3d 368, plaintiff notes the law favors settling cases on their merits, and she argues the trial court should have considered lesser sanctions, such as dismissal without prejudice, before dismissing her case with prejudice.
 {¶ 11} Judicial discretion must be carefully and cautiously exercised before a trial court's decision to dismiss a case on purely procedural grounds will be sustained upon review. DeHart v. Aetna Life Ins.Co. (1982), 69 Ohio St.2d 189, 192. Nonetheless, appellate courts do not hesitate to affirm such dismissals when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order.'" Quonset Hut, *Page 6 Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48, quoting Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632.
 {¶ 12} A court thus does not abuse its discretion in dismissing an action with prejudice for lack of prosecution when, without explanation, a plaintiff voluntarily fails to appear at a hearing, the court has directed the plaintiff to be present, and the plaintiff's location is unknown. Pembaur, supra, at syllabus. In Pembaur, the plaintiff failed to attend a status conference, leading the defendants to file a motion to dismiss for failure to prosecute. When the plaintiff failed to attend the hearing on the motion, even after the trial court notified him he was required to attend, the court dismissed his action with prejudice. The court of appeals reversed, holding that the trial court should have dismissed without prejudice. The Ohio Supreme Court upheld the trial court's decision, holding that, under the facts presented, the trial court did not abuse its discretion in dismissing the case with prejudice.
 {¶ 13} On facts quite similar to Pembaur, the trial court here ordered plaintiff to attend a mediation hearing. When plaintiff did not appear, the court found her in contempt but rescheduled the mediation with the caveat that plaintiff's failure to appear would result in the court's dismissing her case. Despite the prior contempt proceedings, plaintiff again failed to appear. The trial court did not abuse its discretion in dismissing plaintiff's case with prejudice when, after warning plaintiff that failure to attend would lead to that result, plaintiff failed for the second time to attend the court-scheduled and court-supervised mediation. Plaintiff's assignment of error is overruled. *Page 7 
 {¶ 14} Having overruled plaintiff's single assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
KLATT and SADLER, JJ., concur.