[Cite as *Hill v. Marshall*, 2013-Ohio-5538.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark A. Hill, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 12AP-805 |
| v. | : | (C.P.C. No. 11CVE-5543) |
| Le Andre Marshall, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 17, 2013

*Mark A. Hill*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Mark A. Hill, appeals a judgment of the Franklin County Court of Common Pleas that dismissed his case with prejudice for failure to prosecute. For the following reasons, we reverse that judgment and remand the matter for further proceedings.

I. Factual and Procedural Background

{¶ 2} On May 3, 2011, Hill filed a petition to foreclose a mechanic's lien against defendant-appellee, Le Andre Marshall. In the petition, Hill claimed to have performed work at a property owned by Marshall and that Marshall refused to pay him for the agreed-upon work. As a result, Hill filed a mechanic's lien on the property. In the petition, Hill requested the trial court to foreclose on the lien because Marshall still had not paid him for the work. Hill first attempted to serve the petition on Marshall by certified mail sent to the address of the property. On May 12, 2011, that mailing was

returned to the court and marked "Vacant."  On June 16, 2011, Hill filed a motion for default judgment, arguing that Marshall had not filed an answer to his petition.  The trial court denied Hill's motion, noting that he had not properly served Marshall with the petition.

{¶ 3}   Hill then attempted to serve Marshall by publication pursuant to Civ.R. 4.4(A)(1).  Such publication was made three times in the month of September 2011.  As a result, on November 17, 2011, Hill filed a second motion for default judgment.  On April 24, 2012, the trial court denied Hill's motion, concluding that he still had not obtained service on Marshall.  In that same decision, the trial court put Hill on notice that it intended to dismiss Hill's complaint against Marshall for two reasons: for his failure to obtain service on Marshall and for his failure to attend a pre-trial conference and to file witness disclosure lists.  The trial court ordered Hill to demonstrate good cause why it should not dismiss the action for those reasons.  It does not appear that Hill was served with the decision.

{¶ 4}   On May 11, 2012, the trial court sua sponte dismissed Hill's complaint with prejudice for his failure to prosecute.  The trial court found that Hill "failed to demonstrate good cause for his failure to prosecute, having failed to appear at the pre-trial conference, and having failed to appear at the May 2, 2012 trial."

## II.  The Appeal

{¶ 5}   Hill appeals the dismissal and assigns the following errors:

> [1].  The trial court abused its discretion, erring to the prejudice of Appellant, when failing to serve notice of its intent to dismiss foreclosure action for want of prosecution.
> [2].  The trial court abused its discretion when failing to serve its Judgment Entries, erring to the prejudice of Appellant.
>
> [3].  The trial court's judgment denying Appellant's default motion is against the manifest weight of the evidence.

### A.  Assignments of Error One and Two—Service of Judgment Entries

{¶ 6}   In these assignments of error, Hill claims that the trial court did not serve him with the April 24, 2012 entry that contained notice of the trial court's intent to

dismiss his case for failure to prosecute.[1]  Because he did not receive notice of the trial court's intent to dismiss pursuant to Civ.R. 41(B)(1), he argues that the trial court could not dismiss the case.  We agree.

{¶ 7}  A decision to dismiss an action pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court.  *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997).  Therefore, we review such a dismissal for an abuse of discretion.[2]  *Id.; Pearson v. Mansfield Corr. Inst.,* 10th Dist. No. 02AP-96, 2002-Ohio-5011, ¶ 19.  An abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision.  *State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 14.  No court, however, has the authority, within its discretion, to commit an error of law.  *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 8.

{¶ 8}  A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute.  *Asres v. Dalton*, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 12.  However, the rule requires that a plaintiff receive notice before the dismissal, thereby affording the plaintiff an opportunity to correct the default, or explain why the case should not be dismissed with prejudice.  *Id.*, citing *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167 (10th Dist.1981); *Cecil & Geiser, L.L.P. v. Plymale*, 196 Ohio App.3d 322, 2011-Ohio-5468, ¶ 23 (10th Dist.).  A party receives sufficient notice under that rule once it is informed that dismissal is a possibility and it has a reasonable opportunity to defend against dismissal.  *Huntington Natl. Bank v. Zeune,* 10th Dist. No. 08AP-1020, 2009-Ohio-3482, ¶ 24; *Quonset Hut* at 49.  What constitutes notice and an opportunity to respond must be examined on a case-by-case basis.  Notice needs to be formal but can be implied under circumstances that make it reasonable to do so.  *Sazima* at 155-56, citing *Quonset Hut* at 49 (noting that "the notice required by Civ.R. 41 [B][1] need not be actual but may be implied when reasonable under the

---

[1] To the extent that Hill also claims the trial court did not serve him with the May 11, 2012 entry dismissing his case, we have already resolved that issue in his favor, allowing this appeal to proceed even though he did not file a timely appeal from the entry because the trial court docket failed to reveal that the clerk served Hill with the entry.  *Hill v. Marshall*, 10th Dist. No. 12AP-805 (Nov. 8, 2012) (memorandum decision).  Thus, any alleged error in this regard is harmless.

[2] We note, however, that the Supreme Court of Ohio has applied a heightened standard of review when reviewing decisions that forever deny a plaintiff a review of a claim's merits.  *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999).

circumstances."); *Cecil & Geiser* at ¶ 24. At least one Ohio court is reluctant to imply notice in this context, because of the harshness of the penalty and the resulting foreclosure of a plaintiff's ability to seek redress. *Jones v. All Tune & Lube*, 8th Dist. No. 96674, 2011-Ohio-6432, ¶ 14, citing *Whitaker v. Yelsky*, 8th Dist. No. 77063 (Dec. 14, 2000).

{¶ 9} We find nothing in the record that would indicate Hill received express or implied notice of the trial court's intent to dismiss. The trial court docket does not indicate that Hill was served with the April 24, 2012 entry that contained the required notice of intent to dismiss. Moreover, under these facts and circumstances, it is not reasonable to imply notice on Hill of the trial court's intent to dismiss. Notice is normally implied in this context where a motion to dismiss has been filed and served, which itself provides notice of the possibility that the trial court may dismiss. *Sazima* at 155; *Tymachko v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 18-20; *Pearson* at ¶ 23. No such motion was filed in this case because the trial court dismissed the case sua sponte. In other circumstances, notice may be implied when a party does not comply with an outstanding order of the trial court. *Quonset Hut* at 49 (implied notice after two entries compelling discovery); *Snyder v. Belmont Natl. Bank*, 7th Dist. No. 09 BE 9, 2010-Ohio-1089, ¶ 17 (noting circumstances that could lead to implied notice). Arguably, the only such order in this case was the April 24, 2012 entry which Hill did not receive. Lastly, while some courts have found that notice of a trial date is adequate notice of the possibility of a dismissal for a failure to appear at that trial, this court has rejected that conclusion, noting that separate and additional notice must be provided so the party can explain its non-appearance. *Carr v. Green*, 78 Ohio App.3d 487, 491 (10th Dist.1992); *Asres* at ¶ 15-16, citing *Logsdson v. Nichols*, 72 Ohio St.3d 124 (1995). There is no reasonable basis to imply notice under these circumstances.

{¶ 10} Because Hill had no express or implied notice of the trial court's intent to dismiss, the trial court erred by dismissing his complaint pursuant to Civ.R. 41(B)(1). *Asres* at ¶ 14. Accordingly, we sustain Hill's first and second assignments of error.

**B. Third Assignment of Error—The Denial of Hill's Motion for Default Judgment**

{¶ 11} Hill argues in this assignment of error that the trial court erred by denying his second motion for default judgment because Marshall did not file an answer after being served by publication. We disagree.

{¶ 12} An appellate court reviews a trial court's decision on a motion for default judgment under an abuse of discretion standard. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997); *Discover Bank v. Schiefer*, 10th Dist. No. 09AP-1178, 2010-Ohio-2980, ¶ 5. Civ.R. 55(A) permits a trial court to enter a default judgment against a party who has failed to defend an action in compliance with the Ohio Rules of Civil Procedure. Proper service of process is needed before a trial court can render a valid default judgment. *Westmoreland v. Valley Homes Mut. Hous. Corp.*, 42 Ohio St.2d 291, 293-94 (1975). If service is not made according to the civil rules, such service is improper and a valid judgment cannot be rendered against the defendant. *T.S. Expediting Servs., Inc. v. Mexican Indus., Inc.*, 6th Dist. No. WD-01-060, 2002-Ohio-2268, ¶ 12; *Anstaett v. Benjamin*, 1st Dist. No. C-010376, 2002-Ohio-7339, ¶ 13.

{¶ 13} The trial court denied Hill's motion for default judgment after concluding that he had not properly served Marshall with his petition. Hill argues that he properly served Marshall by publication pursuant to Civ.R. 4.4(A). According to that rule, service by publication may be obtained if the residence of a defendant is unknown and where such service is authorized by law. The rule also requires that the party seeking service by publication file an affidavit which avers that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence. *See Anstaett* at ¶ 11. A party seeking to serve by publication must strictly comply with the rule's requirements. *Id.* at ¶ 14; *Pistner v. Baxter*, 2 Ohio App.3d 69, 70 (10th Dist.1981).

{¶ 14} Hill filed an affidavit in an attempt to comply with the requirements for obtaining service by publication. The affidavit failed, however, to establish that he exercised reasonable diligence in his attempt to locate Marshall. *Sizemore v. Smith*, 6 Ohio St.3d 330, 331 (1983) ("[I]t is axiomatic that a plaintiff must exercise reasonable

diligence in his attempt to locate a defendant before he is entitled to service by publication."). Reasonable diligence requires taking steps that an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address and requires counsel to use common and readily available sources in the search, such as a check of the telephone book or a call to the telephone company, checking the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors. *Id.*; *Chartier v. Hedges*, 3d Dist. No. 3-03-01, 2003-Ohio-2686, ¶ 8. These examples do not constitute a mandatory checklist. What constitutes reasonable diligence will depend on the facts and circumstances of each particular case. *Id.*

{¶ 15} In his affidavit, Hill stated that he made one effort to locate Marshall: He requested Marshall's mailing address from the Franklin County Recorder's Office by serving on the office a request for production of documents pursuant to Civ.R. 34(C). Whether or not one would reasonably expect this step to be successful, this lone attempt to locate Marshall does not meet the standard of reasonable diligence. More than this is required of a party before service by publication will be allowed. *See In re R.P.*, 9th Dist. No. 26271, 2012-Ohio-4799, ¶ 16, quoting *Sizemore* at 332, quoting Black's Law Dictionary 412 (5 Ed.1979) (noting that " 'Minimal efforts do not constitute reasonable diligence[;]' rather, it is demonstrated by 'such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.' ").

{¶ 16} Because Hill did not comply with the requirements of Civ.R. 4.4(A) in order to obtain valid service by publication, the trial court did not err by concluding he had not properly served Marshall. *Lewis v. Buxton*, 2d Dist. No. 2006 CA 122, 2007-Ohio-5986, ¶ 7-9 (service by publication defective where affidavit did not establish compliance with rules). Accordingly, absent proper service, the trial court did not err by denying Hill's motion for default judgment. We overrule Hill's third assignment of error.

## III. Conclusion

{¶ 17} In conclusion, we sustain Hill's first and second assignments of error and overrule his third assignment of error. Accordingly, we reverse the judgment of the

Franklin County Court of Common Pleas that dismissed Hill's complaint and remand the matter for further proceedings.

*Judgment reversed; cause remanded.*

BROWN and SADLER, JJ., concur.

———————————