[Cite as *St. Vincent Charity v. Paluscsak*, 2020-Ohio-1501.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ST. VINCENT CHARITY,　　　　　:

　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　　No. 108641

　　v.　　　　　　　　　　　:

MICHAEL PALUSCSAK, ET AL.,　　:

　　Defendants-Appellants.　　:

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 16, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898214

## *Appearances:*

Law Office of Boyd W. Gentry, Boyd W. Gentry, and Zachary P. Elliott, *for appellees* George Gusses Co., L.P.A., George Gusses, Robin A. Worline, and Joseph T. Szyperski.

Davis & Young, Matthew P. Baringer, and Thomas W. Wright, *for appellee* St. Vincent Charity Medical Center and St. Vincent Charity.

Porter Wright Morris & Arthur, L.L.P., Brodie M. Butland, and Tracey L. Turnbull, *for appellee* United Collection Bureau, Inc.

The Misra Law Firm, L.L.C., and Anand N. Misra; Robert S. Belovich, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

**{¶ 1}** Defendant-appellant, Michael Paluscsak ("appellant"), brings the instant appeal challenging the trial court's dismissal of his counterclaim for failure to prosecute. Specifically, appellant argues that a Civ.R. 41(B)(1) dismissal was not warranted, the trial court failed to provide sufficient notice prior to dismissal, and the trial court erred in denying appellant's motion for relief from judgment. After a thorough review of the record and law, this court reverses the trial court's judgment and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶ 2}** The instant appeal has an extremely protracted and lengthy procedural history. We therefore limit our factual and procedural review to facts pertinent to the instant appeal.

**{¶ 3}** The instant case originated in the Cleveland Municipal Court as a debt collection action against appellant for unpaid medical expenses in the amount of $1,175.40. On July 11, 2017, plaintiff-appellee, St. Vincent Charity ("St. Vincent"), filed a complaint against appellant in Cleveland M.C. No. 2017CVF009866, in an attempt to recover these unpaid medical expenses. St. Vincent contracted with plaintiff-appellee, United Collection Bureau, Inc. ("UCBI"), to perform debt collection procedures for the hospital. UCBI then hired plaintiff-appellee, George Gusses Co., L.P.A. ("Gusses") to file the debt collection action in municipal court. Throughout this opinion, these three parties will be referred to collectively as "appellees."

**{¶ 4}** On August 14, 2017, appellant filed an answer and counterclaims on behalf of a putative class. Specifically, appellant asserted claims based on the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA"). Appellant also asserted claims of fraud and abuse of process. Appellant's counterclaims were based upon the assertion that the debt collection action was filed by "St. Vincent Charity," and not filed by the correct legal entity "St. Vincent Charity Medical Center." Appellant asserted in his counterclaim that "the letter [from UCBI] falsely stated that [appellant] owed money to 'St. Vincent Charity' when there is no such entity in existence."

**{¶ 5}** Thereafter, a pretrial hearing was scheduled for September 25, 2017. However, appellant's counsel failed to appear at this pretrial hearing. As a result, on October 30, 2017, the municipal court issued a judgment entry that dismissed appellant's counterclaims for want of prosecution. On November 22, 2017, appellant appealed to this court. *See St. Vincent Charity v. Paluscak*, 8th Dist. Cuyahoga No. 106549.

**{¶ 6}** During the pendency of the appeal, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) on December 18, 2017. On that same day, appellant filed a motion in this court requesting a limited remand to the municipal court for consideration of appellant's motion for relief from judgment. Appellant's motion for relief from judgment argued that he did not receive a notice of the September 25 pretrial hearing. The scheduling of the pretrial hearing was noted on

the court's docket on August 23, 2017; however, due to a clerical error, the clerk did not issue a notice of the pretrial hearing to the parties.

{¶ 7} On January 8, 2018, this court granted appellant's request and remanded the matter to the municipal court "for the sole purpose of ruling on [appellant's] motion for relief from judgment." Motion no. 513044.

{¶ 8} On January 31, 2018, the municipal court issued a judgment entry granting appellant's motion for relief from judgment noting that "[d]ue to a clerical error, the court failed to inform counsel of the [September 25, 2017] pretrial hearing."

{¶ 9} On February 2, 2018, appellant filed a motion in this court to dismiss his appeal as moot as a result of the municipal court granting his motion for relief from judgment. On February 5, 2018, this court dismissed appellant's appeal. *See* motion no. 514485.

{¶ 10} Thereafter, on May 14, 2018, the municipal court certified the matter to the Cuyahoga County Court of Common Pleas, and the matter proceeded through the pretrial process.

{¶ 11} Notably, on January 26, 2019, the trial court entered an order scheduling the case for mediation in the trial court's alternative dispute resolution department. On March 4, 2019, the parties filed a joint motion to vacate the trial court's order because the parties had retained a private mediator. The trial court granted the parties' joint motion on that same day.

{¶ 12} On March 20, 2019, the parties attended a full-day mediation session. The mediation session did not result in a settlement, but the parties agreed to continue to utilize the mediation process.

{¶ 13} Then on March 27, 2019, the parties filed a joint motion to excuse the parties' representatives at a pretrial scheduled for April 2, 2019, but acknowledged that the parties' counsel would attend the pretrial. On April 1, 2019, the trial court granted the joint motion. A pretrial was then had on April 2, 2019, with the parties' counsel, and as a result of the pretrial hearing, the trial court issued a journal entry that stated in full

> Pretrial held on 04/02/2019. All parties were present through counsel. The parties are attempting to settle this matter. * * * The court set the following case schedule: Pretrial set for 05/07/2019 at 01:30 PM. Pretrial to be conducted by telephone to act as a status conference in this matter. * * * Failure to appear at any court scheduled event in the future may result in dismissal of plaintiff's claims for want of prosecution or judgment rendered against defendant.

{¶ 14} Thereafter, appellant's counsel failed to appear for the May 7, 2019 pretrial. The trial court issued a journal entry on May 7, 2019, dismissing appellant's counterclaims for want of prosecution. The trial court's journal entry stated that appellees appeared at the pretrial through counsel and counsel for appellant failed to appear. The trial court further stated that "pursuant to this court's prior order dated 04/03/2019, [appellant's] counterclaims are hereby dismissed without prejudice for want of prosecution."

{¶ 15} On the following day, May 8, 2019, appellant filed a motion to reconsider or in the alternative a motion for relief from judgment. On May 24, 2019, the trial court issued a journal entry denying appellant's motion.

{¶ 16} On June 4, 2019, appellant filed his notice of appeal. This court, on June 12, 2019, issued a sua sponte order dismissing appellant's appeal for lack of a final appealable order. Motion no. 529305. In that order, this court noted that "[a]n action dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits, and as such, is not a final appealable order." This court also noted that "appellant's appeal of the trial court's denial of his motion to vacate the dismissal is not a final appealable order."

{¶ 17} Appellant then filed a motion for reconsideration pursuant to App.R. 26(A). This court granted appellant's motion for reconsideration based upon the fact that appellant's federal claims could not be refiled because the Ohio savings statute does not pertain to the federal claims. *Wells Fargo Bank, N.A. v. Wick*, 8th Dist. Cuyahoga Nos. 99373 and 99840, 2013-Ohio-5422, ¶ 6. The instant appeal was then reinstated.

{¶ 18} In the instant appeal, appellant assigns two errors for our review.

I. The trial court committed prejudicial error in dismissing the counterclaim for lack of prosecution.

II. The trial court committed prejudicial error in denying the motion for relief from judgment pursuant to [Civ.R. 60(B)(1)].

## II. Law and Analysis

### A. Final Appealable Order

{¶ 19} As an initial matter, appellees in their briefs contest this court's previous order granting appellant's motion for reconsideration. Appellees argue that the trial court's dismissal in its May 7, 2019 journal entry dismissed appellant's counterclaims "without prejudice." As a result, appellees argue that the instant appeal should be dismissed for lack of a final appealable order.

{¶ 20} In his counterclaim, appellant asserted FDCPA and OCSPA claims. Appellant also asserted claims of fraud and abuse of process. The trial court's May 7, 2019 journal entry dismissing appellant's counterclaims stated that the claims were dismissed "without prejudice." However, because appellant's FDCPA claim cannot be refiled due to the expiration of the statute of limitations, the trial court's dismissal is *with* prejudice. *Wick*, 8th Dist. Cuyahoga Nos. 99373 and 99840, 2013-Ohio-5422, at ¶ 6. As such, the trial court's dismissal of appellant's counterclaims constituted a final appealable order.

### B. Dismissal of Appellant's Counterclaims

{¶ 21} In his first assignment of error, appellant argues that the trial court committed prejudicial error when it dismissed his counterclaim for lack of prosecution.

{¶ 22} Pursuant to Civ.R. 41(B)(1), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or

claim." Civ.R. 41(B)(3) provides that a dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

{¶ 23} As noted above, the trial court dismissed appellant's counterclaim, pursuant to Civ.R. 41(B)(1), for failure to prosecute. The trial court specified in its May 7, 2019 order that the dismissal was "without prejudice."

{¶ 24} "The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion." *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997), citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 25} During oral arguments, appellees collectively disputed whether appellant's FDCPA claim is, in fact, barred based on the trial court's dismissal. Appellees appeared to suggest that appellant can refile his FDCPA claim and, when appellees raise the statute-of-limitations issue, appellant can present an equitable tolling argument.

{¶ 26} We decline to depart from this court's holding in *Wick*. The effect of the trial court's dismissal of appellant's FDCPA claim was a dismissal with prejudice.

The statute of limitations has expired, and as a result, appellant is barred from refiling his FDCPA claim.

{¶ 27} Although the abuse of discretion standard of review is typically applied to dismissals for failure to prosecute or dismissals with prejudice, "that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *Jones*, 78 Ohio St.3d at 372, 678 N.E.2d 530. This court has previously explained, "it is such a harsh sanction, 'forever deny[ing] a plaintiff a review of a claim's merits,' we review a trial court's decision to dismiss a case with prejudice pursuant to Civ.R. 41(B)(1) under a 'heightened' abuse-of-discretion standard." *Simmons v. Narine,* 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 7 (8th Dist.), quoting *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12, citing *Autovest, L.L.C. v. Swanson*, 8th Dist. Cuyahoga No. 88803, 2007-Ohio-3921, ¶ 18.

{¶ 28} Our review of the trial court's dismissal of appellant's counterclaims involves two steps. First, we must determine whether the trial court provided sufficient notice to the parties prior to the dismissal. Second, we must determine whether the dismissal constituted an abuse of the trial court's discretion under the circumstances. *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 8, citing *Asres v. Dalton*, 10th Dist. Franklin No. 05AP-632, 2006-Ohio-507, ¶ 14.

## 1. Factors Warranting Dismissal

{¶ 29} Appellant contends that his counsel's failure to attend the May 7, 2019 pretrial was due to inadvertent miscommunications between appellant's two attorneys, Anand Misra and Robert Belovich. In appellant's motion for relief from judgment,[1] appellant detailed the "unusual circumstances" that led to the miscommunication between Misra and Belovich, and ultimately the failure to participate in the May 7, 2019 phone conference:

> One of [appellant's] counsel, [Misra], has been overseas since before the April 2, 2019 pretrial. As a result, there were failures of communication regarding the May 7, 2019 telephone pretrial, resulting in the date not being calendared on either of [appellant's] counsel['s] calendars. Moreover, [Belovich] who attended the in person pretrial on April 2nd mistakenly understood May 7th to be date for a status report.

{¶ 30} In this appeal, appellant contends that the factors warranting a dismissal — willfulness, bad faith, or a disregard for the judicial system or appellees — were not present. We agree.

{¶ 31} The proper factors to consider in reviewing a Civ.R. 41(B)(1) dismissal with prejudice include

> the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. *See Link v. Wabash RR. Co.*[, 370 U.S. 626, 633-635, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)]; *Indus. Risk Insurers v. Lorenz Equip. Co.*[, 69 Ohio St.3d 576, 635 N.E.2d 14 (1994), syllabus].

---

[1] Appellant's attorneys submitted affidavits in support of the motion for reconsideration or relief from judgment.

*Jones*, 78 Ohio St.3d at 372, 678 N.E.2d 530.  In *Toney v. Berkemer*, 6 Ohio St.3d 455, 453 N.E.2d 700 (1983), the Ohio Supreme Court adopted the United States Supreme Court's holding in *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), that "the harsh remedies of dismissal and default should only be used when the '* * * failure to comply has been due to * * * *willfulness, bad faith, or any fault* [of a party].'"  (Emphasis added.)  *Toney* at 458, quoting *Societe Internationale* at 212.

> In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action.  *See* [*Jones* at 372]; *Indus. Risk Insurers* [at the syllabus].  However, "the extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." [*Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985)].  In other words, dismissal is reserved for those cases in which ""the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order."" [*Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48, 684 N.E.2d 319 (1997), quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992)].  Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. *Jones* [at 371-372].  *See also* 9 Wright & Miller, Federal Practice and Procedure (1995) 340, Section 2369; 5A Wright & Miller (1990), supra, at 640-641, Section 1379.  It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits."  *Perotti v. Ferguson*[, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983)].

*Sazima v. Chalko*, 86 Ohio St. 3d 151, 158, 71 N.E.2d 729 (1999).

{¶ 32} In the instant matter, after reviewing the record, we find no basis upon which to conclude that the conduct of appellant or appellant's counsel warranted a

dismissal of the counterclaim based on counsel's failure to participate in the May 7, 2019 phone conference. First, the record reflects that appellant vigorously prosecuted his counterclaim for nearly two years, between August 2017 and May 2019.

{¶ 33} Second, the record reflects that appellant's counsel's failure to participate in the May 7, 2019 phone conference was a result of an inadvertent lapse in communication between appellant's attorneys, and did not rise to the level of negligent, irresponsible, or dilatory conduct warranting the dismissal, much less a complete disregard for the judicial system, the trial court, or appellees' rights.

{¶ 34} Appellant's co-counsel, Anand Misra, submitted an affidavit in support of appellant's motion for reconsideration or for relief from the trial court's May 7, 2019 dismissal of the counterclaim. Therein, Misra averred that he typically takes the initiative to calendar litigation events when he is co-counsel on a case with Belovich. He was unable to attend the April 2, 2019 pretrial conference because he was traveling overseas. During his travel — including on April 3, 2019, when the trial court issued the journal entry and scheduled the May 7, 2019 phone conference — he had limited access to the internet. Based on these internet and technical issues, Misra only communicated with Belovich sporadically. Under these circumstances, Misra assumed that Belovich would take over the duty of calendaring litigation events. Belovich averred in his affidavit that he was under the impression that Misra would calendar the litigation events, as was typically the case when the handled a case together.

{¶ 35} Third, in addition to vigorously prosecuting his counterclaim, the record reflects that appellant participated in mediation. After the trial court referred the matter to mediation in January 26, 2019, appellant participated in the mediation session on March 20, 2019, and proposed a settlement that was taken under consideration by appellees. The parties, including counsel for appellant, filed a "joint motion to excuse attendance of party representatives at the April 2, 2019 conference" in which they provided an update to the trial court on the status of mediation. The motion provided, in relevant part,

> [o]n March 20, 2019, the Parties mediated the case[.] * * * The Parties did not settle the dispute at that mediation, but they were able to discuss a potential framework to resolve the matter at the end of mediation. That framework, however, is dependent on a variety of complex issues that the parties are still investigating (and will still be investigating at the time of the April 2 conference), and which will require additional time for discussions between themselves, the mediator, and third parties.

{¶ 36} Appellant's counsel participated in the April 2, 2019 pretrial conference during which the May 7, 2019 phone conference was scheduled. The trial court's April 3, 2019 journal entry acknowledged the ongoing nature of mediation, providing, "[t]he parties are attempting to settle this matter."

{¶ 37} In his affidavit, Belovich detailed the discussions that took place during the April 2, 2019 conference. Appellant's counsel asserted that mediation had been continued "to allow [appellees] additional time to evaluate an aspect of a settlement proposal made by [appellant]," and that "[c]ounsel for [St. Vincent] stated that his client would likely require additional time to evaluate the type of class

relief proposed by [appellant.]" Belovich asserted that he was under the impression the parties were only required to provide a mediation status update to the trial court on May 7, 2019, rather than participating in the previously scheduled phone conference. He believed that appellees would provide the update to the trial court because they were considering the settlement proposed by appellant. Finally, Belovich averred that he made a suggestion to the trial court's law clerk that the parties provide a mediation status update to the court on May 7, 2019, rather than having a phone conference, in the interests of judicial economy.

{¶ 38} Accordingly, the record reflects that appellant's failure to participate in the May 7, 2019 phone conference was based, in part, on the status of the mediation at the time of the phone conference — appellant had proposed a settlement that was taken under advisement by appellees, and appellant was awaiting a response regarding the proposal.

{¶ 39} Finally, there is no evidence in the record before this court that the trial court considered less severe sanctions. In the motion for reconsideration or for relief from judgment, appellant's attorneys acknowledged the "extraordinary circumstances" that led to the failure to participate in the May 7, 2019 phone conference. Appellant's counsel suggested that a monetary sanction would be appropriate for wasting the resources of the trial court and the other parties. There is no indication that the trial court took this suggestion, or less severe sanctions, into consideration before dismissing appellant's counterclaim.

{¶ 40} Based on the foregoing analysis, we find that appellant's failure to participate in the May 7, 2019 phone conference was the result of an inadvertent communication and scheduling error, and the status of settlement negotiations in mediation. This error, that was acknowledged and detailed by both of appellant's attorneys, does not constitute extreme circumstances or substantial grounds warranting dismissal of appellant's counterclaim for failure to prosecute. As this court has recognized,

> Dismissal with prejudice for nonappearance at a pretrial hearing is a drastic remedy which should be used sparingly and in extreme situations. Unless a party's conduct is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for dismissal with prejudice, a court should consider lesser sanctions when a party fails to appear at a hearing.

*Willis v RCA Corp.*, 12 Ohio App.3d 1, 2, 465 N.E.2d 924 (8th Dist.1983).

{¶ 41} For all of the foregoing reasons, we find that the trial court's dismissal of the counterclaim based on appellant's counsel's failure to participate in the May 7, 2019 phone conference was unreasonable, arbitrary, and unconscionable.

## 2. Notice

{¶ 42} The record also reflects that the trial court did not provide sufficient notice to appellant or his counsel before dismissing the counterclaim.

{¶ 43} Before a trial court can properly dismiss a party's claim for failure to prosecute under Civ.R. 41(B)(1), the record must show that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d

124, 647 N.E.2d 1361 (1995). The purpose of the notice requirement is to provide a party who is in default of a court order an opportunity to correct or explain the circumstances of the party's default and to provide reasons why the case should not be dismissed with prejudice. *Id.* This court has previously noted that "[t]he purpose of such notice is to allow a party to explain the circumstances causing his or her nonappearance and why the case should not be dismissed with prejudice." *Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358, ¶ 13, citing *Logsdon* at 128.

{¶ 44} Civ.R. 41(B)(1)'s notice requirement is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc.,* 80 Ohio St.3d at 49, 684 N.E.2d 319. What constitutes notice and an opportunity to be heard regarding a proposed dismissal is examined on a case-by-case basis. *Hill v. Marshall*, 10th Dist. Franklin No. 12AP-805, 2013-Ohio-5538, ¶ 8. This notice that is required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances. *Sazima*, 86 Ohio St.3d at 155, 712 N.E.2d 729, quoting *Quonset Hut, Inc.* at *id.* "[O]nce notice is given that a dismissal with prejudice is a possibility," the party need not be given "a second chance to comply with the court's order." *Mokrytzky* at ¶ 13, citing *Shoreway Circle v. Gerald Skoch Co., L.P.A.*, 92 Ohio App.3d 823, 637 N.E.2d 355 (8th Dist.1994).

{¶ 45} In the instant matter, the trial court's April 3, 2019 journal entry, in which the May 7, 2019 phone conference was scheduled, provides, in relevant part,

"[f]ailure to appear at any court scheduled event in the future may result in dismissal of plaintiff's claims for want of prosecution or judgment rendered against defendant." However, the record reflects that the trial court incorporated this language into all of its journal entries pertaining to pretrial hearings. We cannot conclude that this language constitutes sufficient notice that failure to participate in the May 7, 2019 phone conference may result in dismissal for failure to prosecute based on the status of mediation and settlement negotiations set forth above.

{¶ 46} The record is devoid of any evidence indicating that the court or appellees attempted to contact appellant or appellant's counsel before or during the phone conference when appellant's counsel did not participate. Nor is there any indication in the record that the trial court contacted appellant or appellant's counsel after the phone conference before dismissing the case.

{¶ 47} The phone conference was scheduled for 1:30 p.m. The trial court's journal entry dismissing the counterclaim for failure to prosecute was filed on May 7, 2019, at 4:23 p.m. Under these circumstances, appellant did not receive sufficient notice, much less an opportunity to defend against dismissal, before the trial court dismissed the counterclaim for failure to prosecute.

{¶ 48} Finally, the record reflects that the trial court may have been confused about the effect of the dismissal or unaware that the dismissal barred appellant from refiling his FDCPA claims. The language in the trial court's May 7, 2019 journal entry of dismissal — dismissing the case "without prejudice" and designating the judgment as "partial" rather than "final" — suggests that the trial court did not

intend to extinguish, or was unaware that the dismissal would extinguish, appellant's FDCPA claims.

{¶ 49} For all of the foregoing reasons, appellant's first assignment of error is sustained. The trial court abused its discretion in dismissing appellant's counterclaim for failure to prosecute based on appellant's failure to participate in the May 7, 2019 phone conference. Our resolution of appellant's first assignment of error renders the second assignment of error moot.

{¶ 50} The trial court's judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR